[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10916
Non-Argument Calendar

_____

D.C. Docket No. 1:17-cr-00002-LMM-JKL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROGELIO BARAJAS,
a.k.a. Roger,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 26, 2018)

Before TJOFLAT, MARCUS and HULL, Circuit Judges.

PER CURIAM:

Rogelio Barajas appeals his 204-month sentence, imposed for conspiring to possess with the intent to distribute at least 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846.  On appeal, Barajas argues that the

district court: (1) clearly erred in imposing a two-level aggravating role enhancement because he was a minor participant in the overall drug trafficking conspiracy and only provided instructions to his co-conspirator at the behest of another person; (2) clearly erred in declining to apply a mitigating role reduction; and (3) imposed a substantively unreasonable sentence by failing to adequately weigh his mitigating factors.  After thorough review, we affirm.

Because challenges to the application of the Sentencing Guidelines are mixed questions of law and fact, we review the district court's findings of fact for clear error and its application of the Guidelines to the facts de novo.  United States v. Mandhai, 375 F.3d 1243, 1247 (11th Cir. 2004).  We review the district court's determination of a defendant's role for clear error.  United States v. De Varon, 175 F.3d 930, 937 & n.3 (11th Cir. 1999) (en banc).  Under clear error review, we will not disturb the district court's "choice between two permissible views of the evidence," as long as the basis for its decision was supported by the record and did not involve an error of law.  Id. at 945 (quotation omitted).  We review the ultimate sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion."  United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).

First, we are unpersuaded by Barajas's claim that the district court clearly erred in imposing a two-level aggravating role enhancement to his guideline range.

2

A defendant receives a two-level enhancement if the district court determines that he "was an organizer, leader, manager, supervisor in any criminal activity" and was the organizer or leader of at least one other participant. U.S.S.G. § 3B1.1(c) & comment. (n.2). In contrast, a defendant may receive a four-level enhancement for being an "organizer or leader" of a criminal activity involving at least five participants, and a three-level enhancement for being "a manager or supervisor" over the same. Id. § 3B1.1(a), (b)

The Guidelines suggest that the district court should consider seven factors when determining whether the defendant is a leader or manager: (1) the defendant's exercise of decision making authority; (2) the nature of the defendant's participation in the offense; (3) recruitment of accomplices; (4) any "claimed right to a larger share of the fruits of the crime"; (5) the defendant's degree of participation in the plan or organization of the offense; (6) the scope and nature of the criminal activity; and (7) the defendant's degree of control and authority he exercised over others. U.S.S.G. § 3B1.1, comment. (n.4). We, also, have applied these seven factors when analyzing whether a defendant was eligible for any aggravating role enhancement under § 3B1.1. See United States v. Ramirez, 426 F.3d 1344, 1355 (11th Cir. 2005) (upholding a defendant's two-level enhancement). There is no requirement that each factor has to be present in a case in order for the enhancement to apply, but the defendant is required to exercise

3

some authority in the organization and exert "some degree of control, influence, or leadership." United States v. Martinez, 584 F.3d 1022, 1026 (11th Cir. 2009) (quotation omitted). Thus, the defendant's "mere status of a middleman or a distributor does not support enhancement" for being a manager or leader. United States v. Ndiaye, 434 F.3d 1270, 1304 (11th Cir. 2006) (quotation omitted). We've previously held that a defendant qualified for the enhancement where he argued that he was an intermediary and no less culpable than any other defendant in the conspiracy, but the record reflected that he exercised authority within the organization when he recruited and instructed co-conspirators. Id.

In making the determination of a defendant's role, the district court is not required to make any separate and specific factual findings. De Varon, 175 F.3d at 939. "So long as the district court's decision is supported by the record and the court clearly resolves any disputed factual issues, a simple statement of the district court's conclusion is sufficient." Id. The court's findings of facts may be based on facts from a defendant's guilty plea, undisputed facts in the presentence investigation report ("PSI"), or evidence presented at the sentencing hearing. Id. There is a strong presumption that the statements made during a plea colloquy are true. United States v. Castro, 736 F.3d 1308, 1314 (11th Cir. 2013).

Here, the district court did not clearly err when it applied the two-level aggravating role enhancement to Barajas's guideline range. Based on the

4

undisputed facts from the plea hearing and the PSI, Barajas had personally recruited a driver, Ricky Cross, to transport drugs on behalf of a larger organization and had called Cross on at least two occasions to transport drugs. Castro, 736 F.3d at 1314. Barajas, undisputedly, was also Cross's only point of contact within the larger organization and was the person who relayed instructions to Cross about where to pick up the drugs, where to transport them, and where to meet the intended recipients. Barajas's active recruitment of Cross into the conspiracy and his exercise of authority over Cross -- specifically, providing all of the details to Cross regarding the transposition -- adequately supported the district court's two-level aggravating role enhancement, without requiring consideration of any factual findings that Barajas disputes. See Ndiaye, 434 F.3d at 1304; De Varon, 175 F.3d at 937. Even considering these two of the seven factors alone, the record was sufficient to support the enhancement, since Barajas's undisputed offense conduct showed that he exercised "some degree of control, influence, or leadership" over Cross. Martinez, 584 F.3d at 1026; U.S.S.G. § 3B1.1(c) & comment. (n.4); Ramirez, 426 F.3d at 1355.

But in any event, the district court's other factual findings in support of the enhancement, adopted from the PSI, were not clearly erroneous. While Barajas offered an alternative version of the facts than the government's and PSI's that reduced some of his culpability in the overall conspiracy and diminished his

5

authority over Cross, the court was permitted to choose between two permissible interpretations of the evidence. See De Varon, 175 F.3d at 945. Thus, the court's determination that Barajas had significant authority over Cross's actions and had some understanding of scope of the money and drugs involved in the offense further supported its role enhancement. See Martinez, 584 F.3d at 1026. And since the court did not clearly err in adopting these facts, it also correctly concluded that Barajas was more than a mere middleman -- the record established that Barajas actively recruited Cross into the conspiracy and also attempted to recruit another person, which goes beyond merely relaying instructions at the behest of another. See Ndiaye, 434 F.3d at 1304. On this record, the district court did not clearly err in applying the two-level enhancement to Barajas.

We also find no merit to Baraja's claim that the district court clearly erred in declining to apply a mitigating role reduction. The district court can apply a 2-level reduction in a defendant's offense level if a defendant was a minor participant in the offense, which is defined as any participant who is less culpable than most other participants, "but whose role could not be described as minimal." U.S.S.G. § 3B1.2 & comment. (n.5). The defendant has the burden of proving his mitigating role in the offense by a preponderance of the evidence. De Varon, 175 F.3d at 939.

In determining the defendant's role, first, "the district court must measure the defendant's role against the relevant conduct for which []he has been held

6

accountable." Id. at 940, 945. "In other words, the district court must assess whether the defendant is a minor or minimal participant in relation to the relevant conduct attributed to the defendant in calculating h[is] base offense level." Id. at 941. For example, if a defendant's relevant conduct is coextensive with the larger conspiracy but his role within that conspiracy was minor, the court may adjust the defendant's sentence due to his mitigating role in the large conspiracy. Id. "However, such an adjustment only makes sense analytically if the defendant can establish that h[is] role was minor as compared to the relevant conduct attributed to h[im]." Id. (emphasis omitted). Thus, a defendant is not entitled to a mitigating role adjustment when he can point to a broader criminal scheme that he was a minor participant in but was not held accountable for. Id. Second, the district court must measure the defendant's role against the other discernable participants in the relevant conduct. Id. at 944-45.

Additionally, the district court should consider these factors when determining whether a defendant qualifies for a reduction: (1) the defendant's degree of understanding of the structure and scope of the criminal activity; (2) the defendant's degree of participation in the organization and planning of the criminal activity; (3) the defendant's degree of decision-making authority or influence over the decision-making authority; (4) the defendant's nature and extent of participation in the criminal activity, including his actions and his responsibility

7

and discretion in performing those actions; and (5) how much the defendant "stood to benefit" from the activity. United States v. Presendieu, 880 F.3d 1228, 1249-50 (11th Cir. 2018) (quotation omitted); U.S.S.G. § 3B1.2, comment. (n.3(C)).

Here, the district court did not clearly err in determining that Barajas did not meet his burden of proof for a mitigating role reduction. See De Varon, 175 F.3d at 939. As we've explained, Barajas's role as a manager and his actions in recruiting Cross and providing him with instructions indicated that he was more than a minor participant in the conspiracy. See id. at 941.

Further, when considering the relevant offense conduct from the PSI, which the court did not clearly err in adopting to resolve the factual disputes, Barajas was not a minor or minimal participant in his own offense conduct. See id. at 940, 945. Instead, Barajas actively participated in the offense conduct for which he was held accountable, directing Cross to deliver a large quantity of methamphetamine to specific locations in January and March 2016, initially recruiting Cross to act as a driver for the conspiracy, consistently asking Cross to deliver and pick up new shipments of drugs, telling Cross how much he would be paid, directing him to meet specific people for pick up and drop off, and attempting to recruit a new driver. And Barajas's guideline range was not calculated as a part of a broader conspiracy, but instead was calculated using only those specifics facts that applied to him, namely, the two drug shipments from January and March 2016. Id. at 941.

8

Thus, examining the offense conduct that only Barajas was held accountable for, and not examining his minor role in the larger drug trafficking conspiracy, Barajas was not a minor participant. Id. Nor was Barajas's conduct significantly minor compared to Cross's -- a discernable participant -- since he instructed and recruited Cross. See id. at 944-45.

What's more, Barajas: (1) had some understanding of the scope and structure of the criminal enterprise, as indicated by his knowledge of Cross's payout and the shipment sizes; (2) helped organize and plan the shipments, even if he had no control or decision-making authority over the specifics, by instructing Cross where to go; (3) had more than a minor role in the conspiracy, as we've reiterated, even if his actions were not wholly discretionary; and (4) received monetary compensation to pay off a debt via his participation. See Presendieu, 880 F.3d at 1249-50; U.S.S.G. § 3B1.2, comment. (n.3(C)). In short, the district court did not clearly err in denying Barajas a mitigating role reduction.

We also are unconvinced by Baraja's claim that his 204-month sentence was substantively unreasonable. In reviewing the "'substantive reasonableness of [a] sentence imposed under an abuse-of-discretion standard,'" we consider the "'totality of the circumstances.'" Pugh, 515 F.3d at 1190 (quoting Gall v. United States, 552 U.S. 38, 51 (2007)). The district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in 18

9

U.S.C. § 3553(a).   The court must consider all of the § 3553(a) factors, but it may give greater weight to some factors over others -- a decision that is within its sound discretion.  United States v. Rosales-Bruno, 789 F.3d 1249, 1254 (11th Cir. 2015).  However, a sentence may be substantively unreasonable when a court unjustifiably relies on any single § 3553(a) factor, fails to consider pertinent § 3553(a) factors, bases the sentence on impermissible factors, or selects the sentence arbitrarily.  Pugh, 515 F.3d at 1191-92.  A sentence that suffers from one of these symptoms is not per se unreasonable; rather, we must examine the totality of the circumstances to determine the sentence's reasonableness.  Id. at 1192.  "[W]e will not second guess the weight (or lack thereof) that the [court] accorded to a given [§ 3553(a)] factor . . . as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented."  United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted).

We will vacate a sentence only if we "are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation omitted).  Moreover, a district court does not need to discuss each § 3553(a) factor.  United States v.

McNair, 605 F.3d 1152, 1231 (11th Cir. 2010).    Rather, it only needs to acknowledge that it considered the factors and the defendant's arguments.  Id.

Although we do not automatically presume a sentence falling within the guideline range is reasonable, we ordinarily expect such a sentence to be reasonable.  United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008).  A sentence imposed well below the statutory maximum penalty is another indicator of a reasonable sentence.  United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008).    The party challenging the sentence bears the burden to show it is unreasonable.  United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010).

Here, Barajas's 204-month sentence was substantively reasonable.    The court, in imposing its sentence, considered all of the relevant § 3553(a) factors, and specifically noted that it was considering: the serious drug quantity involved in the offense; Barajas's managerial and limited role in the broader conspiracy; his personal character, including his criminal history, devotion to family, and age; the need to avoid unwarranted disparities with his other co-conspirators; the need for the chosen sentence to reflect the seriousness of the offense; the need for deterrence; the need to protect the public; the need to provide Barajas with training, care, and treatment; the sentences available; the guideline range; and all relevant polices.  18 U.S.C. § 3553(a).  While the court did not explicitly mention that it considered Barajas's health condition in imposing its sentence, it did

11

consider all of the other relevant facts regarding Barajas's characteristics and acknowledged that it considered his arguments and the § 3553(a) factors. See Irey, 612 F.3d at 1189; McNair, 605 F.3d at 1231.

While Barajas argues that the court should have given more weight to his mitigating factors, like his limited role, age, health, and family devotion, the court had the discretion to weigh the appropriate factors and did not place undue reliance on any one specific factor. Pugh, 515 F.3d at 1191-92; Rosales-Bruno, 789 F.3d at 1254. As for Barajas's argument that the court should have given more weight to the fact that his guideline range was calculated based on a drug quantity and quality that he had no knowledge of, the sentencing court's non-erroneous factual findings indicated that Barajas had some knowledge of the nature of what was being transported. See De Varon, 175 F.3d at 945. In any event, the court did consider Barajas's limited culpability in the overall drug trafficking conspiracy in imposing its sentence, and was entitled to weigh that factor against all of the others. See Rosales-Bruno, 789 F.3d at 1254.

Finally, Barajas's sentence was 31 months below his guideline range, an indicator that his sentence was substantively reasonable. See Hunt, 526 F.3d at 746. It was also well below the statutory maximum penalty of life imprisonment, another indicator of its reasonableness. See Gonzalez, 550 F.3d at 1324.

**AFFIRMED**.

12